UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:10CV-P43-R

RODNEY GRIMES                                                                                    PLAINTIFF

v.

THOMAS SIMPSON *et al.*                                                                    DEFENDANTS

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion for appointment of counsel (DN 17). He claims that he is unable to afford counsel, that the issues are very complex, and that he has no knowledge of the law.

In a civil case, such as this action brought under 42 U.S.C. § 1983, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). It is "a matter within the discretion of the court." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (citation omitted); 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel.") (emphasis added)). "'It is a privilege that is justified only by exceptional circumstances.'" *Lavado v. Keohane*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted).

The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel at this stage in the litigation. On review of the documents filed by Plaintiff thus far, the Court finds that Plaintiff is articulate and able to represent himself sufficiently at this time. Consequently, the Court finds that Plaintiff has not set forth any

"exceptional circumstances" warranting appointment of counsel at this time.  Accordingly,

**IT IS ORDERED** that the motion for appointment of counsel (DN 17) is **DENIED**.

Nothing in this Order shall preclude Plaintiff from requesting appointment of counsel at a future point in this action should circumstances arise to justify such an appointment.

Date:

cc: Plaintiff, *pro se*
4413.005