UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:10CV-P43-R

**RODNEY GRIMES**                                                                  **PLAINTIFF**

v.

**ARAMARK CORRECTIONAL SERVICES COMPANY** *et al.*       **DEFENDANTS**

## MEMORANDUM OPINION

### I.

Plaintiff Rodney Grimes,[1] a convicted inmate currently incarcerated in the Kentucky State Penitentiary, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, against Aramark Correctional Services Company (Aramark); the Kentucky Department of Corrections (KDOC); the Kentucky State Penitentiary (KSP); and Sam Fletcher, Melinda McCoy, and Shonna Wallace, employees of Aramark at KSP.

Under 28 U.S.C. § 1915A, when a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). On initial review of the complaint under § 1915A, the Court will allow a portion of the claims to continue and dismiss all others.

---

[1]Six other prisoners who initially joined in the suit have been dismissed. Plaintiff Grimes is the only remaining Plaintiff.

**II.**

Plaintiff presents five claims, and as relief, he seeks monetary and punitive damages, damages for pain and suffering, fees and costs, and injunctive relief.

As Claim One, Plaintiff alleges that from 2007 through 2010, Defendants repeatedly engaged in a conspiracy to injure his and other inmates' health when they "continued to 'researve' the same meals to prisoner's from previous other days lefted over meals that were molded, unclean, [] in order to recover a debt, or to save money." Plaintiff claims that Aramark service staff actually performed the foregoing reserving of meals and that the KDOC knew about it but failed to do anything. The Court construes this claim as being brought under the Eighth Amendment (deliberate-indifference claim to health) to the U.S. Constitution.

As Claim Two, Plaintiff claims that from 2007 through 2010, Defendants repeatedly engaged in a conspiracy motivated by racial discrimination to injure his and other inmates' health when they continued to serve meals containing other inmates' and/or staff's feces,[2] urine, and/or spit "to Plaintiff and other general and segregation populations as a result of punishment and/or retaliation." Plaintiff claims that Aramark service staff actually served the allegedly contaminated meals and that the KDOC knew about it but refused to prevent it. The Court construes Claim Two as being brought under the Eighth Amendment (deliberate-indifference claim to health) and the Fourteenth Amendment (equal-protection claim).

In a grievance, Plaintiff alleges that Defendant McCoy "'spit' in my food tray because, they ran out of green beans with (3) inmates left to searve and we wanted our green beans on our

---

[2]In a grievance attached to the complaint, Plaintiff indicates that on one occasion, a white, Aramark staff member "put human 'feces' in the burittos and searved them to the inmate population causing a great disturbance" but that a black inmate was blamed for this incident.

trays.  In 'retaliation' she started cusing and calling us inmates racial slurs.  After waiting another (20) minuts for our food we was given cold mixed vegetables with 'spit' contained in them."  The Court construes the claim against Defendant McCoy as arising under the First Amendment (retaliation claim) and Eighth Amendment (deliberate indifference).

With respect to Claim Three, Plaintiff asserts that from 2007 through 2010, Defendants engaged in a conspiracy to injury Plaintiff's health by decreasing the required amount of food portions being served in order to reduce debt or save money.  Plaintiff again claims that Aramark service staff actually decreased the servings and that the KDOC knew about or participated in it but failed to do anything about it.  The Court construes this claim as being brought under the Eighth Amendment (deliberate-indifference claim to health).

Regarding Claim Four, Plaintiff claims that from 2007 through 2010 Defendants engaged in a conspiracy to discriminate against "Black African Prisoner's and Plaintiff's from employeement by forcing every Black prisoner to work insided a dirty, wet, dish room, while moving all white prisoner to the clean serving line, and that such actions was [performed] to 'force Black prisoner's out of their employement."  Plaintiff claims that the foregoing was accomplished by Defendant Fletcher.  The Court construes this claim as being brought under the Fourteenth Amendment (equal-protection claim).  Additionally, with respect to Defendant Fletcher, in a grievance attached to the complaint, Plaintiff further alleges that Defendant Fletcher threatened him with disciplinary actions and "other 'retaliation' tactics" if Plaintiff did not withdraw his grievance against the facility workers, "some who used to be prison officals and members of 'white-supremcy' groups."  Plaintiff reports withdrawing the grievance "'out of fear.'"  The Court construes this claim as being brought under the First Amendment (retaliation claim).

Finally, as to Claim Five, Plaintiff alleges that in 2009, Defendant Wallace retaliated against him by refusing to serve him lunch and "instead called him a 'nigger' and turned him away in a discrimination fashion, telling him she would never searve his ass, and that such was due to Plaintiff grievance filings." The Court construes this claim as being brought under the First Amendment (retaliation claim).

### III.

*A. KDOC and KSP*

A state and its agencies[3] are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Furthermore, all claims, regardless of the relief sought, against the KDOC and KSP are barred by the Eleventh Amendment to the U.S. Constitution. *Will*, 491 U.S. at 71; *Daleure v. Commonwealth of Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000) ("The Eleventh Amendment protects the Kentucky state government and the Kentucky Department of Corrections from suit."). For these reasons, all claims against the KDOC and KSP must be dismissed.

*B. Conspiracy*

Plaintiff alleges that Defendants conspired to violate his rights in various ways summarized above. "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir.

---

[3]The Kentucky Department of Corrections ("DOC") is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. Exec. Order No. 2004-730 (July 9, 2004); KY. REV. STAT. ANN. § 12.250.

1987). All of Plaintiff's claims of conspiracy are broad and conclusory and lack the degree of specificity required to state a conspiracy claim. He has not alleged that there was a single plan, that the alleged conspirators shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury. *See Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985). The conspiracy claims will be dismissed for failure to state a claim upon which relief may be granted.

### C. Remaining claims

#### 1. Claims One, Two, and Three

Plaintiff claims that in order to save money and reduce debt, Aramark[4] staff are re-serving "molded, unclean" leftovers and are decreasing portions below the required amount. He also claims that Aramark staff are serving meals containing other inmates' and/or staff's feces, urine, and/or spit, in part motivated by racial discrimination. The Court will allow these Eighth Amendment claims to proceed against Aramark. Finding any equal protection claim wholly conclusory, the Fourteenth Amendment claim will be dismissed. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (observing that the court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions).

Plaintiff alleges that Defendant McCoy "'spit' in my food tray because, they ran out of green beans with (3) inmates left to searve and we wanted our green beans on our trays. In 'retaliation' she started cusing and calling us inmates racial slurs. After waiting another (20)

---

[4]The Sixth Circuit has held that "[i]t is clear that a private entity which contracts with the state to perform a traditional state function such as providing medical services to prison inmates may be sued under § 1983 as one acting 'under color of state law.'" *Hicks v. Frey,* 992 F.2d 1450, 1458 (6th Cir. 1993) (quoting *West v. Atkins*, 487 U.S. 42, 54 (1988)). Aramark has apparently contracted with the State to provide food services to the inmates, and the Court presumes, for the purposes of initial review, that Aramark in its provision of food services is a state actor.

5

minuts for our food we was given cold mixed vegetables with 'spit' contained in them." No injury is alleged, and this isolated incident fails to demonstrate that Defendant McCoy was deliberately indifferent to Plaintiff's health and safety. *See Farmer v. Brennan*, 511 U.S. 825 (1994). Moreover, while reprehensible, racial epithets alone are insufficient to state an Eighth Amendment claim. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Searcy v. Gardner*, Civil No. 3:07-0361, 2008 WL 400424, at *4 (M.D. Tenn. Feb. 11, 2008) ("A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials."). Finally, because Plaintiff was not engaged in any protected activity nor alleges facts demonstrating an adverse action, *see Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999) (en banc), he has failed to state a cognizable retaliation claim against Defendant McCoy. Accordingly, all claims against Defendant McCoy will be dismissed for failure to state a claim upon which relief may be granted.

### 2. *Claim Four*

Plaintiff claims that Defendant Fletcher discriminated against "Black African Prisoner's and Plaintiff's from employeeement by forcing every Black prisoner to work insided a dirty, wet, dish room, while moving all white prisoner to the clean serving line, and that such actions was [performed] to 'force Black prisoner's out of their employeement." Plaintiff additionally claims that Defendant Fletcher threatened him with disciplinary actions and "other 'retaliation' tactics" if Plaintiff did not withdraw his grievance against the facility workers, "some who used to be prison officals and members of 'white-supremcy' groups." Plaintiff reports withdrawing the grievance "'out of fear.'"

The Court will allow Plaintiff's First (retaliation) and Fourteenth Amendment (equal protection) claims to proceed against Defendant Fletcher.

### *3. Claim Five*

Plaintiff alleges that in 2009, Defendant Wallace retaliated against him by refusing to serve him lunch and "instead called him a 'nigger' and turned him away in a discrimination fashion, telling him she would never searve his ass, and that such was due to Plaintiff grievance filings." The Court will allow this First Amendment (retaliation) claim to proceed against Defendant Wallace.

The Court will enter separate Orders consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
      Defendants
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005