# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## CIVIL ACTION NO. 5:10CV-P43-R

**RODNEY GRIMES**                                                          **PLAINTIFF**

**v.**

**ARAMARK CORRECTIONAL SERVICES**
**COMPANY,** *et al.*                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Defendant Aramark has filed a motion to dismiss for, among other reasons, failure to exhaust administrative remedies (DN 40). Plaintiff's response was due February 28, 2011. As of March 17, 2011, Plaintiff has not filed a response.

Failure to exhaust administrative remedies is an affirmative defense. *Grinter v. Knight*, 532 F.3d 567, 578 (6th Cir. 2008). A plaintiff is not required to specially plead or demonstrate exhaustion of administrative remedies. *Id.* Accordingly, defendants must assert the defense of failure to exhaust administrative remedies and bear the initial burden of proof. *Bruce v. Corr. Med. Servs., Inc.*, 389 Fed. Appx.462, 467 (6th Cir. 2010). Defendant states that the available grievance materials show that Plaintiff failed to exhaust his administrative remedies. Plaintiff has failed to refute this proof. Accordingly, Defendant Aramark's motion to dismiss is GRANTED and Defendant Aramark is dismissed from this case.

IT IS SO ORDERED.