### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### PADUCAH DIVISION
### CASE NO. 5:10-CV-43

RODNEY GRIMES                                                                PLAINTIFF

v.

ARAMARK CORRECTIONAL SERVICES
COMPANY; SAMUEL FLETCHER; SHONNA
WALLACE                                                                      DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Defendants Samuel Fletcher and Shonna Peek[1] have filed a motion to dismiss for, among

other reasons, failure to exhaust administrative remedies (Docket No. 64).  Plaintiff has

responded (Docket No. 66).  This matter is now ripe for adjudication.  For the following reasons,

Defendants' motion is GRANTED.

### BACKGROUND

Plaintiff Rodney Grimes,[2] a convicted inmate currently incarcerated in the Kentucky

State Penitentiary, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against Aramark

Correctional Services Company (Aramark); the Kentucky Department of Corrections (KDOC);

the Kentucky State Penitentiary (KSP); and Sam Fletcher, Melinda McCoy and Shonna Peek,

employees of Aramark at KSP.  The only remaining claims are against Defendants Fletcher and

Peek, Aramark food service workers at KSP at the time of Grimes's complaint.

Plaintiff alleges that Defendant Fletcher discriminated against "Black African Prisoner's

and Plaintiff's from employeement by forcing every Black prisoner to work insided a dirty, wet,

dish room, while moving all white prisoner to the clean serving line, and that such actions was

---

[1] Defendant Shonna Peek was incorrectly identified as Shonna Wallace in the complaint.
[2] Six other prisoners who intitially joined in the suit have been dismissed.  Plaintiff Grimes is the only remaining Plaintiff.

[performed] to 'force Black prisoner's out of their employment."  The Court construed this claim as an equal protection claim brought under the Fourteenth Amendment.  Plaintiff further alleged that Defendant Fletcher threatened him with disciplinary action and "other 'retaliation' tactics" if Plaintiff did not withdraw a grievance against the facility workers, "some who used to be prison officials and members of 'white supremcy' groups."  Plaintiff reported withdrawing the grievance "'out of fear.'"  The Court construed this claim as being a retaliation claim brought under the First Amendment.

Plaintiff alleges that Defendant Peek retaliated against him by refusing to serve him lunch and "instead called him a 'nigger' and turned him away in a discrimination fashion, telling him she would never searve his ass, and that such was due to Plaintiff grievance filings."  The Court construed this claim as being a retaliation claim brought under the First Amendment.

## STANDARD

A prisoner cannot bring an action under 42 U.S.C. §1983 with respect to prison conditions until available administrative remedies are exhausted.  42 U.S.C. § 1997e(a).  The term "prison conditions" is interpreted as "all suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  To properly exhaust administrative remedies, the prisoner "must complete the administrative review process in accordance with the applicable procedural rules."  *Jones v. Bock*, 549 U.S. 199, 218 (2007)(internal citation omitted).  Failure to exhaust administrative remedies is an affirmative defense.  *Grinter v. Knight*, 532 F.3d 567, 578 (6th Cir. 2008).  A plaintiff is not required to specially plead or demonstrate exhaustion of administrative remedies.  *Id.*  Accordingly, defendants must assert the defense of failure to

exhaust administrative remedies and bear the initial burden of proof. *Bruce v. Corr. Med. Servs., Inc.*, 389 Fed. Appx. 462, 467 (6th Cir. 2010).

## DISCUSSION

Plaintiff Grimes filed an Inmate Grievance Form with KSP on February 23, 2010 alleging facts that constitute the basis of the Plaintiff's claims against Defendants Fletcher and Peek. Defendants assert that Plaintiff did not exhaust the available adminstrative remedies because the February 2010 grievance filed by Plaintiff was rejected. Additionally, Defendants point out that Plaintiff failed to produce evidence that he appealed the grievance as required by the Corrrections Policy and Procedure at 14.6. In response, Plaintiff alleges that he did exhaust the administrative remedies because his grievance was rejected by "inst., 'buddy system'" for "'bogus' reasons." Plaintiff Response, Docket No. 66 at 1.

The Sixth Circuit has explained that exhaustion is required even where the prisoner believes "the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky*, 636 F.3d 218, 222 (6th Cir. 2011)(citing *Pack v. Martin*, 174 Fed. Appx. 256, 262 (6th Cir. 2006)). Even if Plaintiff believed that re-filing or appealing the grievance would be futile, he was still required to exhaust the grievance procedure before filing suit, however fruitless it may have been. Plaintiff's February 2010 grievance was rejected because it was not filed in accordance to the applicable procedural rules set forth in the CPP: (1) it was filed more than five days after the incident, (2) it asked for inappropriate action to be taken, and (3) it improperly pertained to more than one issue. Additionally, Plaintiff did not complete the administrative review process as he neither resubmitted his grievance after it was rejected nor appealed it.

Although Plaintiff mentioned in the February 2010 grievance that a previously filed grievance against Aramark employees was withdrawn out of fear, he has not alleged that he did

not refile or appeal the February 2010 grievance because he feared retaliation.  Therefore, there is no evidence to support a contention that the grievance process was not available to him. Accordingly, Plaintiff failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a) before filing suit under 42 U.S.C. § 1983.

## CONCLUSION

For the above reasons, Defendant Fletcher's and Defendant Peek's motion to dismiss (Docket No. 64) is GRANTED.